Ivonne Elisa Julia GOMEZ, Petitioner,

v.

Alberto R. GONZALES, Attorney General,* Defendant–Appellant.

No. 03–71848.

United States Court of Appeals, Ninth Circuit.

* Alberto R. Gonzales is substituted for his pre-    decessor, John Ashcroft, as Attorney General

Submitted June 3, 2005.**

Decided June 16, 2005.

Houman Varzandeh, Esq., Law Offices of Zaman & Varzandeh, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Barry J. Pettinato, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LAY,*** REINHARDT, and THOMAS, Circuit Judges.

### MEMORANDUM ****

Ivonne Elisa Julia Gomez (Gomez) petitions for review of an order of the Board of Immigration Appeals ("BIA") denying a motion to remand her case to consider her eligibility for Cancellation of Removal. Gomez does not appeal the BIA's ruling that she abandoned her permanent resident status. We affirm.

The BIA's interpretation of purely legal questions is reviewed *de novo*. *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir. 2003). The BIA's interpretation and application of immigration law is "subject to established principles of deference" unless the intent of Congress is clear. *Id.* (citation and internal quotation marks omitted). The authority providing eligibility for Cancellation of Removal states:

> The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien—
>
> (1) has been an alien *lawfully admitted for permanent residence* for not less than 5 years,
>
> (2) has resided in the United States continuously for 7 years after having been admitted in any status, and
>
> (3) has not been convicted of any aggravated felony.

8 U.S.C. § 1229b(a) (emphasis added). The term "lawfully admitted for permanent residence" is further defined as "the status of having been lawfully accorded the

*** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, *such status not having changed." Id.* at § 1101(a)(20) (emphasis added).

The BIA determined that Gomez's recent change in permanent resident status rendered her ineligible for Cancellation of Removal. We agree. The loss of permanent resident status is just that—a change in status. *See Singh v. Reno,* 113 F.3d 1512, 1514 (9th Cir.1997) (requiring the INS to establish by clear, unequivocal evidence that Singh's status as a permanent resident had changed to find him ineligible for readmission); *Matter of Huang,* 19 I. & N. Dec. 749, 757, 1988 WL 235431 (BIA 1988) (concluding that "the status of the applicants as lawful permanent residents changed, that their absences were not temporary in nature, and that they are therefore not entitled to admission to the United States as returning permanent residents").

Abandoning her permanent resident status changed Gomez's status as an alien lawfully admitted for permanent residence as defined in 8 U.S.C. § 1101(a)(20). This change meant that Gomez could not meet an eligibility requirement for Cancellation of Removal. *See* 8 U.S.C. § 1229b(a)(1). Accordingly, Gomez cannot demonstrate prima facie eligibility for the relief she seeks in her motion to remand.

PETITION DENIED.